IRVING, J.,
dissenting.
¶ 21. Kenneth Johnson filed his complaint on July 3, 2007. A scheduling order *1146 was never entered. It appears that the trial judge, without input from either of the attorneys for the parties, set the case for trial on February 6, 2008. It further appears that, when Dr. John Paul Lee’s motion for summary judgment was filed, the parties were involved in discovery, or at least that is what Johnson contends. On these facts, I cannot agree that the trial judge did not abuse his discretion in refusing to grant a continuance of the trial date and in not allowing discovery to proceed. Accordingly, in my judgment, the trial judge erred in disallowing Johnson’s expert, who was tendered to Dr. Lee a week prior to trial, and in granting summary judgment. I also believe the trial judge erred in not allowing Johnson to pursue a claim against Medco after Johnson learned that Medco was the real party in interest. Therefore, I dissent. In my view, the trial judge should have granted Johnson’s motion for a continuance and for the establishment of a scheduling order. The judge should have allowed Johnson to amend his complaint to assert a claim against Medco.
¶ 22. In his response in opposition to Dr. Lee’s motion for summary judgment, Johnson wrote, inter alia, the following:
First and foremost, this case is not ripe for summary dismissal as to any party-Defendant at this juncture as the parties and their counsel are presently engaged in the discovery process, including but not limited to, the exchange of written interrogatories, etc., as well as the attempted scheduling of depositions. Indeed, counsel for Dr. Lee and the undersigned were working together to set Plaintiffs deposition at the time of the preparation and filing of the instant Motion. Written discoveiy responses are currently outstanding between Plaintiff and the Defendants, and further, it recently appears that counsel has finally been retained to represent the Medco Defendant. Thus, this case is in the discovery stages, and while the same has only been pending since July 2007, it is anticipated that trial preparations can be completed, with assistance of all counsel concerned, within a reasonable period of time so that a decision as to any dispositive motion can be made on the merits in due course.
3.
Second, as this Court is well-aware, the present February 6th trial setting, relied so heavily upon by opposing counsel to trigger the 60-day requirement under Rule 4.04, was set by the Court, a setting that was issued as a matter of course, without regard to the status of discovery and preparedness of counsel for a trial on the merits. Because of counsel’s collective efforts to engage in further discovery, the undersigned forwarded a proposed Order continuing the current trial setting to counsel for Dr. Lee, but rather than respond to and/or sign the same, the instant motion was filed in an effort to obtain a procedural advantage en route to a dismissal. See, Exh. “A” attached hereto.
4.
Further, the Court’s Order setting this case for trial on February 6, 2008, is dated November 19, 2007, and after giving due consideration for receipt by mail, merely afforded Plaintiff approximately 2 weeks in which to more fully designate experts so as to comply with Rule 4.04’s 60-day deadline. As a practical matter, and given the number of prior cases set on this Court’s docket during the upcoming term (approximately 100), it is near certainty that this matter cannot and will not be tried on February 6th. Thus, a continuance of the present setting, entry of a schedul *1147 ing order and the completion of discovery in a timely manner are appropriate as “special circumstances” clearly exist as contemplated by Rule 4.04. See, Brennan v. Webb, 729 So.2d 244, 247 ([Miss.]Ct.App.l998) (Exclusion of expert witness under Rule 4.04, where fatal to case, is a sanction of last resort and thus appropriate where “special circumstances” existed).
5.
Lastly, as set forth in Plaintiffs discovery responses dated September 21, 2007, Drs. Calvin Ramsey and Gayle Harrell have both been identified as likely expert witnesses at trial. See, Exhibit “A” to Dr. Lee’s Motion. However, as noted above, because of the incomplete status of discovery in this matter, no final opinions have been reached by either physician, and thus complete MRCP 26 disclosures have not been made, beyond the information provided in the aforementioned discovery responses. To date, neither Dr. Lee nor his counsel have requested dates upon which to depose either physician, nor has any Motion to Compel been filed to obtain supplemental responses as to these experts. Thus, this Defendant cannot argue any real prejudice as it has been advised of the identity of Plaintiffs likely trial experts, yet has sought no further discovery relative to their specific opinions as to liability.
6.
Plaintiff respectfully submits that the instant dispositive Motion is premature, at best, and thus should be denied for the reasons set forth herein above. Alternatively, Plaintiff requests that this Court hold said Motion in abeyance, but in any event, compel the parties and their counsel to enter into a mutually agreeable Scheduling Order with extended deadlines for discovery, expert designations and motions, as well as a trial setting during either the May or October 2008 terms of court. No prejudice will be visited upon Dr. Lee by requiring him and his counsel to defend this action on the merits in due course, especially considering the fact that the same has been pending a mere 6 months.
¶ 23. In fairness to Dr. Lee and to the trial judge, I should point out that Dr. Lee’s counsel took issue with Johnson’s assertion that discovery was ongoing. Therefore, I assume in this dissent that discovery was ongoing only to the extent that Johnson initiated discovery after the case was set for trial. I find nothing particularly bothersome about this since no discovery order was in place.
¶ 24. Also, in his response in opposition to Dr. Lee’s motion for summary judgment, Johnson attached a copy of a letter that he sent on December 14, 2007, to Dr. Lee’s counsel. In the letter, Johnson’s counsel wrote:
Dear [counsel for Dr. Lee]:
As you are probably aware, the above captioned matter is on [the trial judge’s] docket for February 6, 2008. Obviously, we are not in a position to proceed to trial and will need to continue the same from the [e]ourt’s docket. To that end, I have prepared and enclose an Agreed Order Continuing Trial Setting. Please sign the enclosure and forward same to [other counsel] for his signature and return to me for filing.
Please feel free to contact me should you have questions concerning this matter.
As I understand the facts, counsel for Dr. Lee did not respond to the letter, choosing instead to file, six days later, his motion for summary judgment on behalf of Dr. Lee. It should be pointed out that Johnson’s letter to Dr. Lee’s counsel was sent *1148 approximately three weeks following the date of the judge’s order setting the case for trial. It is unclear when the order was received by counsel for Johnson.
¶ 25. In his motion for summary judgment, Dr. Lee relied upon the provisions of Rule 4.04 of the Uniform Rules of Circuit and County Court. His motion was filed December 20, 2007, just ten days after designating his own expert. The principal argument in his motion for summary judgment was that under Rule 4.04, Johnson was required to designate his expert at least sixty days prior to trial. I find this argument particularly interesting, because Dr. Lee himself failed to comply with this rule. As stated, according to the docket entry, he designated his expert on December 10, 2007. When the calculation is done, it is clear that Dr. Lee’s designation fell two days short of the required sixty days. While this is a matter of law, not of equity, I am nevertheless reminded of the maxim that he who seeks equity must do so with clean hands.
¶ 26. It is significant, in my view, that the case was not old and that there had not been violations by Johnson of any specific order prior to the Draconian remedy meted out to him for violating Rule 4.04. Therefore, based on these facts and the additional fact that the law prefers that matters be tried on their merits, I am of the view that the trial judge abused his discretion in not allowing Johnson’s expert to testify because hé was not designated sixty days prior to trial. Any possible prejudice inuring to Dr. Lee because of Johnson’s late designation could have been readily cured by continuing the case, as requested by Johnson, to allow Dr. Lee to depose the expert if he so desired. Of particular interest is the fact that neither Dr. Lee, in his rebuttal to Johnson’s response in opposition to Dr. Lee’s motion for summary judgment, nor the trial judge mentioned anything about prejudice to Dr. Lee as a basis for not allowing either the continuance or the late designation of Johnson’s expert.
¶ 27. I also believe that the trial judge erred in dismissing Medco. It seems quite obvious to me that this was a case of mistaken identity, as, based on documentation attached to Johnson’s response in opposition to Medco’s motion to dismiss, Johnson was reasonable in his assumption that Medco of Dublin was the proper party. More specifically, Johnson was sent a prescription change notification on Med-co’s letterhead. In the upper left-hand corner of the letterhead was the following: Health Solutions of Dublin, Blazer Parkway, Suite B, Dublin, Ohio 43017-3308. In the notice, Johnson was given a contact for additional information at the following address: Medco Health Solutions of Dublin, Attention: HCO Claims Inquiry, 5151 Blazer Parkway, Suite B, Dublin, OH 43017-3308. On these facts, I cannot believe that Medco was not placed on notice via the summons that was served on Med-co of Dublin that it was the real party in interest. Nor can I believe that Medco did not learn about the case until approximately six months after it was filed. Further, it is clear to me that Medco knew or should have known that, but for a mistake concerning its identity as the proper party, the action would have been brought against it. In my judgment, the trial judge should have allowed Johnson to amend his complaint to substitute or add the proper party, and the amended complaint should have related back to the date of the filing of the original complaint as allowed by Rule 15(c) of the Mississippi Rules of Civil Procedure.
¶ 28. For the reasons presented, I dissent. Accordingly, I would reverse and remand.